United States v. Michael Gemma Elaine Middleman v. Michael Gemma But if that theory didn't go to the jury, why is it important? That's a good question. I think, just let me say first, I think that the issue of aiding and abetting has become more significant after Justice Kagan's decision in Roseland. You're certainly right. And so And there is disagreement on this Court about what that opinion means. Yes. But usually we wait until a case actually raises the issue before we give our opinion on it. And the government has said the jury was not asked to decide the question of aiding and abetting. Rather, he was convicted for being a principal. So There was no argument on that either. I understand. No instruction. I understand exactly your question. And I think, again, that's why I was saying about the confusion. I think that he was charged with aiding and abetting. And there was a mention of that in the first instruction to the jury. And the jury instructions included as one of the alternatives that he participated in a venture. So I think it's possible that the aiding and abetting, the jury might have considered that aiding and abetting because they were never explicitly told, as far as I know, that aiding and abetting is no longer valid. Based on the jury's answer to the specific questions, there was no conviction on aiding and abetting. Isn't that clear? I think that's correct. But, again, with this, I've tried to learn more about aiding and abetting, and I have to say I'm just, it seems a muddle to me that aiding and abetting can be considered part of the crime. And so I don't know that the jury instructions or the verdict form would have had to even say aiding and abetting because he was charged with aiding and abetting. So, you know, the jury may not have distinguished between the two. I just simply don't know. I'm saying that's an example of what's the confusion between being a principal and being an aider and abetter. And when there was never any other person named, and it isn't just the mere fact that there was no identification, there was no other person, but yet the jury, I mean, the instructions included the phrase he participated in an adventure. So that would imply that there could be other people, and there were other people mentioned in the trial, like Dollar. So, you know, I don't think we know what the jury really convicted him on. I mean, I totally agree that the jury verdict form did not say he's only convicted of aiding and abetting. That's correct. And in some of the other cases in other circuits, the conviction was simply for aiding and abetting, but that was never made clear to the jury one way or the other. So, again, I think that's an example of the confusion with aiding and abetting, kind of thrown in willy-nilly in the charge without ever explaining how it applies. Earlier in the case, was the jury told that he was indicted and it included a charge of aiding and abetting? I believe in the initial instruction to the jury, he did include the phrase aiding and abetting, yes. It's just in the final instructions he didn't put that in. But, again, I don't know that you have to tell the jury, oh, by the way, we're no longer charging that aiding and abetting, because aiding and abetting can be considered, you know, as part of the principal crime, and, you know, sometimes it doesn't even have to be specified. Again, that's why I just think this is so confusing. And as this court and Cardinal Sion-Ruiz pointed out, there can be a different burden of proof or mens re or whatever for principal versus aiding and abetting, so it's not clear which the jury was focusing on in this case. And in terms of the plain error argument by the government, there was a 2014 amendment, and to me it's also confusing what's new, because it now has an exception to the plain error requirement that the motion has to be brought before trial, which an exception is that the information would be available, was available and wouldn't have to have a trial to rule on it. And, again, you wouldn't know necessarily what was going to be brought into trial and whether the aiding and abetting was going to be discussed at trial or not. So I think that may be an exception under the new Rule 12b-3. Is there no other questions? Thank you very much. Thank you. Judge Lynch, and may it please the Court, Mark Quinlivan on behalf of the United States. In answer to your question, Judge Lynch, the district court did read the indictment, which included the aiding and abetting charge in its preliminary instructions to the jury. However, the district court did not instruct the jury on aiding and abetting in its final charge. And consistent with that, the jury verdict form, with respect to both counts one and counts two, did not say anything about aiding and abetting, nor did it cite to 18 U.S.C. Section 2. It only cited to the substantive statutes. Would there be a reason why one would want, if a charge is dropped, for the jury to be told that the charge was dropped once the jury had been told that the charge was initially brought? I think that that might be something that would be advisable to bring clarity. I think, though, that certainly I'm not aware that this Court has ever imposed such a requirement. And, of course, we are on plain error review. So in addition to the lack of a showing of third or fourth prongs, that itself couldn't be a clear or obvious error. But I think if you're taking a step back from this case, that might be something that would be helpful for district judges. On the other hand, it might focus the jury on exactly the wrong thing. Gee, I wonder why the government dropped those charges. That's right. And I think that that's exactly why that could not be a clear or obvious error here, because I think this Court would want the benefit of full and adversarial briefing on a question about whether it would even make that kind of suggestion. But in any event, in our view, there was no clear or obvious error to begin with. And the fact that the district court did not instruct the jury on aiding and abetting, and therefore the defendant was not convicted of aiding and abetting, makes clear that there was no plain error on the third or fourth prongs. There is in the pro se briefs an argument that the cell phone of the young woman involved should have been suppressed. Would you care to spend a few minutes on that, please? Absolutely. As a threshold matter, the district court did not use its discretion in denying what was styled as a motion to exclude, because that really was a motion for reconsideration. The district court, in its decision partially granting and partially denying the motion to suppress, had noted that the parties had not addressed the circumstances surrounding the seizure of the victim's cell phone, but found that it was retrieved from the ultima with the victim's consent. And it was only thereafter that the defendant filed a motion to exclude, arguing that the government had subsequently retrieved additional information from the cell phone, and he had not anticipated the issues of taint that would arise from the court's ruling, and therefore he, in his own words, asked leave to file this constitutional argument late. The government for it also filed a motion for reconsideration of the court's ruling suppressing other information, and the district court basically did the same thing with respect to both. It summarily denied the government's motion, and it summarily denied the defendant's motion, distinguishing it from a separate argument that the defendant had made. So, as an initial matter, when motions for reconsideration, as this court said in Allen, are not for raising arguments late that could have been raised earlier, it was not an abuse of discretion in these circumstances for the court to deny it on that basis. But I will say, in addition, just one additional aspect of that, there are, as the district court noted, the circumstances regarding the retrieval of the phone from the Altima, not only had they not been addressed in the briefs, but they had not been brought out during the suppression hearing. So, for example, we don't know what and whether there was a Fourth Amendment intrusion at all, or the scope of that intrusion, because all the record reveals is that Trooper Morris retrieved the phone from the Altima. Now, that could range from if the car door was open and the phone was simply in the car, the door of the armrest of the car, it's not clear that that would be a Fourth Amendment intrusion at all. Or even if it was in the console and the console was open. That's exactly right. Or if it was the window open. Was the window open. Was it in plain sight? None of that's in the record. None of that is in the record. Exactly. So you can go from that to a situation where you have a car, say, with an electronic hide, where you would have to pry open the electronic hide. Now, there's nothing in the record that indicates that that was the case. But a defendant's burden at bottom is to show that there's been a Fourth Amendment intrusion or violation to begin with. And the record here is silent about the circumstances regarding the retrieval of that phone from the Altima. I notice you also have not argued the community caretaking theory that with the information the young woman told him and his understanding that she was 16 and when he asked, she said, call my mother and so forth, that that was a reasonable thing for him to do in any event as a community caretaker. Judge Stahl, I don't think we've argued it in those terms. I think, in effect, we have argued that the touchstone of the Fourth Amendment, of course, is reasonableness, and it was reasonable for him to act and retrieve the phone in those circumstances, given the different stories he was being told. The fact that he was concerned, the fact that she said that she was living with her mother, itself suggested that she might be a minor. And so given the balance of information that he was receiving from the defendant and the victim and the varying stories that he was being told, balanced against the absence of a record of whether or not there was a Fourth Amendment intrusion to begin with, yes, the answer to that question, our argument is that he acted reasonably in those circumstances and the victim certainly could consent to the retrieval of her own cell phone. Thank you. Thank you. Ms. Middleman, you reserve two minutes. In terms of the charge of aiding and abetting, as I said, I think the law is kind of muddled right now, but at a minimum he was charged with aiding and abetting himself, which the Eleventh Circuit in Martin said that is not an offense. So I think there certainly was an error there. Now whether the jury thought they were convicting him of aiding and abetting, I don't know. I can't say that. As Justice Souter pointed out, the jury verdict form does not say that. But on the other hand, I can't say that they didn't think that either. I just simply don't know. In terms of the pro se brief, I did not prepare that, but the point I would raise is that the district judge ruled about the AL's interest of privacy in her own phone, but he did not seem to discuss whether Mr. Gemma had a privacy interest in the vehicle, where presumably the phone was inside the vehicle. So that part was left out of the analysis. Thank you. Thank you.